IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK KAVAKICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1109 |
| | ) | |
| NORTH FRANKLIN TOWNSHIP, | ) | Judge Gary L. Lancaster |
| DONALD HAZLETT, MICHAEL | ) | Magistrate Judge Amy Reynolds Hay |
| QUINN, RICHARD HORNER, | ) | |
| JERRY CAVANAUGH, WILLIAM | ) | |
| LOAR, and DENNIS M. MAKEL, | ) | |
| | ) | |
| Defendants. | ) | RE: Dkt. Nos. [44], [47], & [50] |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the amended motion for preliminary injunction filed by Mark Kavakich be denied, that the motion to dismiss filed by Dennis M. Makel be granted and that the motion to dismiss filed by North Franklin Township, Donald Hazlett, Michael Quinn, Richard Horner, Jerry Cavanaugh, and William Loar be denied.

### REPORT

Mark Kavakich ("Plaintiff") filed a Third Amended Complaint ("Complaint"), Dkt. [43], asserting that North Franklin Township (the "Township"), Donald Hazlett ("Hazlett"), Michael Quinn ("Quinn"), Richard Horner ("Horner"), Jerry Cavanaugh ("Cavanaugh"), William Loar ("Loar"), and Dennis M. Makel ("Makel"), terminated plaintiff's employment as Chief of Police for the Township and subsequently demoted him, without notice and an opportunity to be heard, in violation of 42 U.S.C. § 1983 (Count I), and conspired to deprive him of his constitutionally protected rights (Count II).[1]

---

1. Count II speaks in general terms of the deprivation of Plaintiff's constitutional rights and asserts that the actions of the defendants in furtherance of the conspiracy were intended to and did cause Plaintiff the

*Background*

The Township employed Plaintiff as a part-time police officer in May of 1977. Complaint, ¶ 9. In May of 2000, the Township promoted Plaintiff to Superintendent. Id. On January 1, 2002, the Township promoted him to Chief of Police. Complaint, ¶ 10.

On September 14, 2005, defendants Hazlett and Quinn, who were then serving as elected Supervisors of the Board of Supervisors of the Township,[2] voted to suspend Plaintiff from his position as Chief of Police with pay, based on false allegations made against him by defendants Horner and Cavanaugh, who were serving as police officers for the Township. Plaintiff avers that no reason was actually stated for the suspension and he was not afforded any notice or a hearing prior to the vote. Additionally, Plaintiff claims that the Township Solicitor advised the Board of Supervisors prior to the vote that such action would be unlawful. Complaint, ¶ 12.

The Complaint further alleges that on October 8, 2005, Hazlett and Quinn voted to suspend Plaintiff from his position as Chief of Police without pay, again without notice to him and an opportunity to be heard, and again, despite advice from the Solicitor that such action would be unlawful. Complaint, ¶ 14.

The Teamsters Union, Local No. 25, filed a grievance on behalf of Plaintiff pursuant to the terms of the Collective Bargaining Agreement. Complaint, ¶ 29. An arbitrator conducted a

---

loss of his reputation. Complaint, ¶¶ 81-88. The United States Supreme Court has held that interest in one's reputation, standing alone, does not qualify as either a liberty or property interest to which due process guarantees apply. Paul v. Davis, 424 U.S. 693, 712 (1976). Rather, a plaintiff claiming damage to his reputation must identify a "more tangible interest" or some other protected right that has been infringed. Id. at 701. This Plaintiff has not done. Moreover, Plaintiff cannot claim that his right to employment has been infringed since the Court of Appeals for the Third Circuit has found that state-created employment rights are not fundamental or constitutionally implicated. Nicholas v. Penn State University, 227 F.3d 133, 142-43 (3d Cir. 2000).

2. Hazlett, Quinn and Carole Beck comprised the Board of Supervisors at the time. Ms. Beck abstained from the vote and is not a defendant in this action. Complaint, ¶ 12.

hearing on March 27, 2006, at which time no evidence in support of the allegations against Plaintiff was offered by the Township. Complaint, ¶ 32. On July 10, 2006, the arbitrator entered an award in favor of Plaintiff and ordered that he be reinstated as Chief of Police and be given back pay. Complaint, ¶ 35. Thereafter, the Board of Supervisors voted to reinstate Plaintiff effective January 2, 2007.[3] Complaint, ¶ 43.

On January 2, 2007, Plaintiff assumed his duties as Chief of Police. Complaint, ¶ 45. However, Plaintiff claims that upon his return to work, defendant Horner advised him that he (Horner) had been asked to assume the position of "Acting Superintendent" and would be Plaintiff's supervisor. Complaint, ¶ 46. Previously, Plaintiff answered only to the Board of Supervisors and not to any supervisory police officer. Complaint, ¶ 48. Plaintiff avers that by naming Horner as "Acting Superintendent," Defendants failed to comply with the arbitrator's order and effectively demoted him without notice and an opportunity to be heard. Complaint, ¶ 49.

Presently before the court for disposition are the following motions: (1) Plaintiff's amended motion for preliminary injunction, Dkt. [44], the motion to dismiss by Defendant Makel, Dkt. [47], and the motion to dismiss by Defendants Hazlett, Quinn, Horner, Cavanaugh, Loar, and the Township, Dkt. [50].

### *Plaintiff's Amended Motion for Preliminary Injunction, Docket [44]*

The grant of injunctive relief "is an 'extraordinary remedy, which should be granted only in limited circumstances.' " Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)). To obtain a preliminary injunction, the moving party must show:

---

3. In November of 2005, defendant Loar was elected to the Board of Supervisors in place of Carole Beck. Complaint, ¶ 31.

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured pendente lite if relief is not granted . . .. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted). A preliminary injunction cannot be granted absent a showing of irreparable harm. Instant Air Freight Co., 882 F.2d at 800. The moving party must offer a "clear showing of immediate irreparable injury." ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (district court's preliminary injunction vacated due to plaintiff's failure to show irreparable harm).

In order to prove irreparable harm, the moving party "must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following trial.' " Acierno, 40 F.3d at 653 (quoting Instant Air Freight Co., 882 F.2d at 801). "[T]he injury created by a failure to issue the requested injunction must "be of a peculiar nature, so that compensation in money cannot atone for it." Acierno, 40 F.3d at 653 (citations omitted). The word "irreparable connotes that which cannot be repaired, retrieved, put down again, atoned for." Id. (citations omitted). "The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co., 882 F.2d at 901.

Plaintiff asserts that he has suffered an economic hardship, given his lack of employment from his termination in October, 2005 until his reinstatement in January 2007. However, the arbitrator's award ordered reinstatement and payment of back pay. Plaintiff has been reinstated and does not assert any diminution in pay. Moreover, mere economic loss "does not constitute irreparable harm." Acierno, 40 F.3d at 653. Accordingly, Plaintiff's motion for preliminary injunctive relief is properly denied on this ground.

Plaintiff also complains that his reputation has been significantly damaged, particularly given his "demotion" upon his return to work and resulting inability to resume full law enforcement functions. Plaintiff has not cited any authority for the assertion that damage to his reputation as a law enforcement officer would constitute irreparable harm. Indeed, it would appear that such damage does not constitute irreparable injury. Morton v. Beyer, 822 F.2d 364 373 n.13 (3d Cir. 1987). In that case, Ronald Morton was terminated from his employment as a corrections officer with the New Jersey Department of Corrections. He brought suit pursuant to 42 U.S.C. § 1983 and, following a hearing, the district court granted Morton's motion for preliminary injunction based primarily on the finding that he was afforded a procedurally deficient pretermination hearing. The Court of Appeals for the Third Circuit agreed with the district court that Morton had demonstrated a likelihood of success on the merits since the evidence established that he was not afforded timely notice of the nature of the charges or the general evidence against him. However, the court reversed the grant of injunctive relief, finding that Morton had not demonstrated irreparable injury. Specifically, the appellate court found that the claimed injury, i.e., loss of his salary, was purely economic in nature. Although recognizing that "the fact that the payment of monies is involved does not automatically preclude a finding of irreparable injury," the injury must be such "so that compensation in money cannot atone for it." Id. at 372 (internal quotations and citations omitted).

Moreover, and fully on point here, the court rejected Morton's claim that the irreparable harm suffered was damage to his name and reputation as a corrections officer as a result of an illegal suspension. He claimed that any trust and confidence he had earned as a law enforcement professional was now eroded such that he was precluded from obtaining employment in his

chosen profession. The Third Circuit rejected this argument. Id. at 373. For this reason, the Plaintiff's motion for preliminary injunction is properly denied.

### *Standard of Review for Motions to Dismiss*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), i.e., that a complaint would not be dismissed "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitled him to relief"). Under the new plausibility standard, to survive a Rule 12(b)(6) motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).[4]

### *Motion to Dismiss by defendants Hazlett, Quinn, Horner, Cavanaugh, Loar, and the Township, Docket [50]*

As part of their motion to dismiss, defendants Hazlett, Quinn, Horner, Cavanaugh, Loar, and the Township have moved to strike the Complaint as violating Rule 8(a) of the Federal Rules

---

4. In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

of Civil Procedure.[5]  They argue that the Complaint contains "a plethora of allegations that are absolutely irrelevant to a showing that plaintiff is entitled the relief being sought."  Brief in Support of Motion to Dismiss [Complaint], Dkt. [51], p. 3.  These defendants complain that the Complaint references actions taken either before Plaintiff's suspension or subsequent to his reinstatement, which references Defendants argue have no bearing on the case.

Rule 8(a) provides a simplified pleading standard.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).  The purpose of Rule 8(a) is to give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Id. at 514; Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

As Plaintiff notes, cases dealing with Rule 8(a) generally concern complaints that fail to plead enough facts to meet the purpose of the Rule, not complaints that contain overly inclusive allegations.  In the instant case, while there may well be a significant amount of background material asserted in the Complaint, the Complaint nevertheless gives the defendants notice of Plaintiff's claims and the grounds therefor.  In this court's view, the inclusion of the background material, which provides a more detailed account than required by the civil rules of the nature of Plaintiff's claim, does not violate Rule 8(a).  See Davis v. Ruby Foods, Inc., 269 F.3d 818, (7th

---

5.  Rule 8(a) provides as follows:

> **Rule 8. General Rules of Pleading**
>
> **(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8(a).

Cir. 2001)(reversing district court's dismissal under Rule 8 of a twenty-page complaint that contained highly repetitious and often irrelevant material since the complaint nevertheless performed the essential function of a complaint under the civil rules).

Further, the allegations of post-reinstatement events, about which defendants also complain, appear to be relevant to Plaintiff's claim that although reinstated to the position of Chief of Police, he has been demoted without procedural due process since he is now supervised by defendant Horner.  Accordingly, the instant Complaint performs the essential function of a complaint under the civil rules and, therefore, does not violate Rule 8(a).

Alternatively, the defendants argue that the Complaint contains redundant, immaterial, impertinent or scandalous matter that should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Defendants list by number forty-two paragraphs of the Complaint that they claim offer no substantiation for or evidence in support of the alleged constitutional claims asserted by Plaintiff.  Defendants do not discuss the specific content of any of the allegedly offending paragraphs and do not address how each paragraph fits with the definition of redundant, immaterial, impertinent or scandalous matter under Rule 12(f).  This court will not undertake Defendants' obligation in this regard.  Accordingly, the motion to strike pursuant to Rule 12(f) is properly denied.

Next, Defendants argue that the court lacks jurisdiction over Plaintiff's post-reinstatement "concerns."  Brief in Support of Motion to Dismiss [Complaint], Dkt. [51], p. 5.  Defendants claim that, to the extent Plaintiff asserts a lack of compliance with the arbitration award, Plaintiff

may pursue an unfair labor practice action in state court pursuant to 43 P.S. 1101.1201(a)(8)[6] and any failure to comply with the award raises no constitutional issue.

Defendants' argument in this regard overlooks Plaintiff's claim that their actions post-reinstatement violated his procedural due process rights, which arguably may be cognizable under 42 U.S.C. § 1983.  See e.g., Bickel v. Burnhart, 632 F.2d 1251, 1255 n.6 (5th Cir. 1980)(finding "a public employee will not be foreclosed from § 1983 relief merely because the impermissible retaliation did not result in the termination of his employment" but only in denial of a promotion).  Accordingly, it would appear that the court has jurisdiction over this action.

Lastly, Defendants state simply that "plaintiff's [Complaint] clearly fails to state a claim upon which relief can be granted with regard to all of plaintiff's post-reinstatement claims" under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Brief in Support of Motion to Dismiss [Complaint], Dkt. [51], p. 6.  While it may well be that Plaintiff has failed to state a claim in this regard, Defendants have provided no argument in support of their solitary and conclusory statement.  Again, this court will not undertake Defendants' obligation here.  Accordingly, Defendants' 12(b)(6) motion to dismiss is properly denied.

***Motion to Dismiss by defendant Makel, Docket [47]***

---

6. The statute provides, in pertinent part, as follows:

> **§ 1101.1201.  Unfair practices by public employers and employe organizations; acts prohibited.**
>
> (a) Public employers, their agents or representatives are prohibited from:
>     *    *    *    *
> (8) Refusing to comply with the provisions of an arbitration award deemed binding under Section 903 of Article IX [43 P.S. 1101.903].

  43 P.S. 1101.1201.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Defendant Makel argues that he was not a person acting under color of state law.

Plaintiff appears to concede that at all times pertinent to the claims against Makel he was not himself a state actor.[7] Thus, Plaintiff must establish in some fashion that Makel engaged in state action despite being a private party.

"[A] private party may be liable under § 1983 when (1) the party actually participates with state officials in an activity which is constitutionally prohibited, or (2) the private party conspires with state officials to violate the Constitution." Smith v. Wambaugh, 29 F.Supp.2d 222, 227 (M.D.Pa. 1998). Here, there are no allegations that establish that Makel jointly participated with state officials in the suspension or demotion. See Abbott v. Latshaw, 164 F.3d 141 (3d Cir. 1998)( complaint alleged that the constable acted at the instance and request of the private party in effectuating a seizure of plaintiff's property in violation of his procedural due process rights). Rather, Plaintiff asserts that Makel conspired with state officials to violate Plaintiff's constitutional rights. Complaint, Dkt. [43], ¶ 26 ("Makel undertook a conspiracy with ... Hazlett, Horner and Cavanaugh").

To state a claim for conspiracy in violation of Section 1983, a plaintiff must allege "(1) the existence of a conspiracy involving state action; and (2) a [deprivation] of civil rights in furtherance of the conspiracy by a party to the conspiracy." Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D.Pa. 2000). "Central to any conspiracy claim are specific factual allegations that there was a mutual understanding among the conspirators to take actions directed

---

7. Makel served as Solicitor for the Township in 2006. However, he was not the Solicitor and did not hold any other official position at the time of Plaintiff's suspension and reinstatement.

10

toward an unconstitutional end." Starzell v. City of Philadelphia, 2007 WL 172400, at *17 (E.D.Pa. Jan. 18, 2007)(internal quotation marks and citations omitted).

      Here, as Makel correctly notes, there are no specific factual allegations that he conspired to take actions directed toward the denial of a procedural due process hearing prior to Plaintiff's suspension.  Instead, there is simply the conclusory statement that "Makel undertook a conspiracy." Complaint, Dkt. [43], ¶ 26.  While a court will accept well-pleaded allegations and all reasonable inferences therefrom as true for purposes of deciding a motion to dismiss, the court "will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions in the form of factual allegations." Studli v. Crimone, 2006 WL 1878924 (W.D.Pa. July 6, 2006)(citing Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977)).  See also Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998)("[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss").

      The Complaint contains repeated averments that Makel and Hazlett were friends and also shared an attorney-client relationship over the years.  As well, Plaintiff claims that Makel and Hazlett dislike him and displayed open animosity toward him.  Coupled with these assertions, Plaintiff alleges that at an unspecified time "during the conspiracy," Makel "advised Hazlett that he [Makel] had a foolproof way to terminate Kavakich's employment."  From these allegations Plaintiff asks the court to conclude that there was a mutual understanding between Hazlett and Makel to deprive Plaintiff of his constitutional right to procedural due process.  In this court's view, the allegations concerning Makel's "state action" are speculative and fall short of the plausibility standard. Bell Atlantic Corp., 127 S.Ct. at 1974.  Because Plaintiff has not plead

factual allegations sufficient "to raise a right to relief [against Makel] above the speculative level," id. at 1965, the Complaint against Makel is properly dismissed.

Additionally, there are no factual allegations that Makel was involved in any decisions post-reinstatement or that he conspired to demote Plaintiff after his reinstatement. In fact, Plaintiff avers that Makel advised the Board of Supervisors to reinstate Plaintiff and pay his back wages, Complaint, ¶ 41, and that Makel advised the Board on September 28, 2006, that any action resulting in a demotion of a police officer would be subject to the same procedural due process requirements as required prior to a suspension. Complaint, Dkt. [43] at Exh. C ("[T]he reduction of rank, if desired, must follow the bases that would be required if the officer were being completely discharged ... which indicates that the affected person must be given notice and an opportunity to be heard at a hearing.").

In summary, the Complaint fails to establish a plausible claim against defendant Makel that he acted under color of state law.[8]  Accordingly, the Complaint is properly dismissed as against Makel, without prejudice to amend. "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile. ... Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 235-236 (3d Cir. 2004)(citations omitted). Accordingly, it is recommended that Plaintiff be granted two weeks within which to amend his complaint. It is further recommended that, should Plaintiff fail to amend timely, Defendant Makel should be granted two weeks within which to move for dismissal with prejudice.

---

8. Given our disposition of this claim we do not reach Makel's other arguments concerning state action.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & ©), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        /s/  *Amy Reynolds Hay*
        United States Magistrate Judge

Dated: July 2, 2007


cc:    Hon. Gary L. Lancaster
       United States District Judge

       All counsel of record by Notice of Electronic Filing