IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK KAVAKICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1109 |
| | ) | |
| NORTH FRANKLIN TOWNSHIP, | ) | Judge Gary L. Lancaster |
| DONALD HAZLETT, MICHAEL | ) | Magistrate Judge Amy Reynolds Hay |
| QUINN, RICHARD HORNER, | ) | |
| JERRY CAVANAUGH, WILLIAM | ) | |
| LOAR, and DENNIS M. MAKEL, | ) | |
| | ) | |
| Defendants. | ) | RE: Dkt. No. [86] |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss Fourth Amended Complaint filed by Dennis M. Makel be granted.

REPORT

Previously, the Court dismissed Plaintiff's Third Amended Complaint as against Dennis M. Makel ("Makel") upon a finding that the complaint failed to establish a claim against him. Dkt. [84]. The Court allowed Plaintiff time to file a Fourth Amended Complaint and he did so. Dkt. [85]. Makel has again moved to dismiss Plaintiff's complaint on the grounds that the newest complaint has not cured the deficiencies of the Third Amended Complaint.

We do not repeat here the more extensive background of the case set forth in the previous Report and Recommendation, dkt. [74], since we presume the parties are familiar with it. Briefly stated, in the fall of 2005, Plaintiff was suspended from his position as Chief of Police for North Franklin Township ("Township") by vote of the Board of Township Supervisors, without notice and an opportunity to be heard. Plaintiff asserts that the Defendants thus deprived him of his

constitutional right to procedural due process in violation of the provisions of 42 U.S.C. § 1983. Plaintiff further claims that the Defendants conspired to deprive him of his constitutional rights.[1]

In order to state a Section 1983 claim, a plaintiff must demonstrate a violation of a right secured by the Constitution and laws of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). As noted, Plaintiff's constitutional claim is that he was denied procedural due process when he was suspended as Chief of Police without notice and a hearing. At this Court previously discussed, Makel was not the Solicitor and did not hold any other official position with the Township at the time of Plaintiff's suspension. This fact, however, does not foreclose a Section 1983 claim against Makel as a private party.

"[A] private party may be liable under § 1983 when (1) the party actually participates with state officials in an activity which is constitutionally prohibited, or (2) the private party conspires with state officials to violate the Constitution." Smith v. Wambaugh, 29 F.Supp.2d 222, 227 (M.D.Pa. 1998). There are no allegations in the Fourth Amended Complaint that Makel actually participated or was involved in the Plaintiff's suspension and alleged denial of due process.

This Court previously found that there were no allegations in the Third Amended Complaint to establish that Makel conspired with state officials to violate Plaintiff's

---

[1] The Fourth Amended Complaint speaks in general terms of the deprivation of Plaintiff's constitutional rights, as did the Third Amended Complaint, and asserts that the actions of the defendants caused Plaintiff the loss of his reputation. Dkt. [85] at ¶83. The United States Supreme Court has held that interest in one's reputation, standing alone, does not qualify as either a liberty or property interest to which due process guarantees apply. Paul v. Davis, 424 U.S. 693, 712 (1976). Rather, a plaintiff claiming damage to his reputation must identify a "more tangible interest" or some other protected right that has been infringed. Id. at 701. This Plaintiff has not done. Moreover, Plaintiff cannot claim that his right to employment has been infringed since the Court of Appeals for the Third Circuit has found that state-created employment rights are not fundamental or constitutionally implicated. Nicholas v. Penn State University, 227 F.3d 133, 142-43 (3d Cir. 2000).

constitutional rights. Dkt. [74], pp. 10-12. The Fourth Amended Complaint has not cured this deficiency.

A complaint must include more than conclusory allegations of a conspiracy. The complaint must include specific factual allegations of a mutual understanding among the conspirators to take actions directed toward the unconstitutional end, that is, toward Plaintiff's termination without procedural due process. Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D.Pa. 2000)(Finding that to state a claim for conspiracy in violation of Section 1983, a plaintiff must allege "(1) the existence of a conspiracy involving state action; and (2) a [deprivation] of civil rights in furtherance of the conspiracy by a party to the conspiracy."); Starzell v. City of Philadelphia, 2007 WL 172400, at *17 (E.D.Pa. Jan. 18, 2007)("Central to any conspiracy claim are specific factual allegations that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end.") (internal quotation marks and citations omitted)).

With regard to the conspiracy claim, the Fourth Amended Complaint does not differ from the Third Amended Complaint, which the Court found to be deficient. The Fourth Amended Complaint contains conclusory allegations that "Makel undertook a conspiracy" with others prior to the time Makel assumed the position of Township Solicitor, see Dkt. [85], ¶ 22, that Makel "conspired with persons who acted under color of state law to violate the constitutional rights of [Plaintiff]," see id., ¶ 90, and that "[s]ubsequently, Makel was appointed solicitor of North Franklin and as solicitor acted under color of state law to accomplish the unlawful goals as set forth [in the Fourth Amended Complaint], see id., ¶ 91. As previously discussed by this Court, while a Court will accept well-pleaded allegations and all reasonable inferences therefrom as true for purposes of deciding a motion to dismiss, the Court "will not accept legal or unsupported

3

conclusions, unwarranted inferences, or sweeping legal conclusions in the form of factual allegations." Studli v. Crimone, 2006 WL 1878924 (W.D.Pa. July 6, 2006)(citing Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977)). See also Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998)("[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss"). See Dkt. [74]. The Fourth Amended Complaint simply does not allege facts to support Plaintiff's conclusory claim that Makel conspired to deprive Plaintiff of his procedural due process rights. As such, the Fourth Amended Complaint does not state a conspiracy claim against Defendant Makel.

The apparent additions to the Third Amended Complaint are found in paragraphs 47, 49 and 50 of the Fourth Amended Complaint, which state as follows:

> 47. Kavakich believes and therefore avers that prior to January 2, 2007, Makel and the Defendant supervisors discussed whether, as long as they would have to reinstate Kavakich, they could demote him.
>
> \*     \*     \*
>
> 49. Nevertheless, Makel and the Defendant supervisors embarked upon a plan to accomplish a demotion of Kavakich without due process through the sham of appointing an "Acting Superintendent" in the person of one of the police officers, Defendant Horner, whose false charges, since discredited by the Office of the Attorney General, formed the basis of the termination of Kavikich's job in the first place.
>
> 50. Defendant Horner, therefore, thus became the chief of police in fact, with Kavakich relegated to a subordinate role.

Dkt. [85].² To the extent that these allegations may be viewed as a claim that Makel, as Solicitor, conspired with the Township Supervisors to demote Plaintiff at the time of his reinstatement without affording him procedural due process, such a claim must fail.³

Within the Third Circuit, where an attorney's conduct is undertaken in the scope of representation of a client, that conduct is exempt from a conspiracy charge. Heffernan v. Hunter, 189 F.3d 405, 413 (3d Cir. 1999). There can be no conspiracy except where the attorney acts not for the benefit of his client but for his "sole personal benefit and thus outside the course and scope of [his] employment. Id. at 412. Even where an attorney has "mixed motives," his conduct is not thereby removed from "the scope of the agency." Id. at 413. Here, the allegations are that Makel disliked Plaintiff and displayed open animosity toward him. Makel's personal view of the Plaintiff, however, does not remove his conduct from the scope of the agency relationship between Makel as Solicitor and his client, the Township Supervisors, and, thus, "does not eliminate the exemption from a conspiracy charge." Id.

For the above stated reasons, the Fourth Amended Complaint has not corrected the deficiencies of the Third Amended Complaint in that the newest complaint fails to state a Section 1983 claim against Defendant Makel and fails to set forth specific factual allegations that there was a mutual understanding among the conspirators — to include Makel — to take actions

---

²There are stylistic changes in the Fourth Amended Complaint as well which do not, however, affect the substance of Plaintiff's allegations.

³Despite the aforementioned newly included paragraphs and the fair inference that could be drawn therefrom, the Fourth Amended Complaint and Plaintiff arguments to the Court reflect that Plaintiff's apparent claim is that the conspiracy between Makel and the state actors began prior to the time he was appointed as Solicitor and that the conspiracy was directed solely at the violation of Plaintiff's right to due process in connection with his termination. Moreover, Plaintiff avers that in 2006 Makel, as solicitor, advised the Township Supervisors that any demotion of Kavakich could not be accomplished without according him due process of law. Dkt. [85], ¶ 48.

directed toward an unconstitutional end. Accordingly, the Fourth Amended Complaint is properly dismissed.

The Court recognizes that Rule 15(a) requires that leave to amend a complaint be "freely given." See Reynolds v. Borough of Avalon, 799 F. Supp. 442, 450 (D.N.J. 1992). Indeed, as found by the Court of Appeals for the Third Circuit, under Rule 15(a), absent a finding of delay, bad faith, prejudice to defendants, or that the amendment would be futile, it is an abuse of discretion to deny leave to amend. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). Since the original complaint was filed in this case in August , 2006, Plaintiff filed a First and a Second Amended Complaint. Makel moved to dismiss the Second Amended Complaint upon the same grounds addressed in his current motion to dismiss. In response, Plaintiff sought and was granted leave to file a Third Amended Complaint. Thereafter, Makel moved to dismiss the Third Amended Complaint upon the same grounds addressed in his current motion to dismiss. The Court granted the motion and granted Plaintiff leave to file a Fourth Amended Complaint. It is recommended that the Fourth Amended Complaint be dismissed since it has not remedied the deficiencies found in the Third Amended Complaint. Therefore, to grant Plaintiff leave to file a *fifth* amended complaint as against Makel would serve only to delay the case further, which, in effect, has been stayed since its inception over 16 months ago due to various motions to dismiss, and would serve to prejudice the Defendants, who are entitled to have the case adjudicated on the merits. Accordingly, it is recommended that no further leave to amend be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 7 January, 2008

cc: Hon. Gary L. Lancaster
United States District Judge

All counsel of record by Notice of Electronic Filing